IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:00CR212 |
| | ) | |
| v. | ) | |
| | ) | |
| PABLO STALLINGS, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2255 (Filing No. 166), and his motion to proceed *in forma pauperis* (Filing No. 167).  For the following reasons, these motions will be denied.

I.  DISCUSSION

A.  **Section 2241 motion**

In his motion to proceed *in forma pauperis* (Filing No. 167), defendant alleges that he "is presently incarcerated at the Federal Correctional Institution, Talladega, Alabama."  A § 2241 motion for writ of habeas corpus must be filed in the United States District Court where defendant is incarcerated. Jurisdiction under this statute lies in the district in which defendant is incarcerated at the time of filing.  Thus, this Court lacks jurisdiction.  *See Rumsfeld v. Padilla*, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *Schmauke v. U.S. Bureau of Prisons*, 847 F.Supp. 134 (1994).

**B. Section 2255 motion**

This is the second motion the defendant has filed pursuant to 28 U.S.C. § 2255. As in his first § 2255 motion, filed on November 1, 2004, which was denied by the Court on February 18, 2005 (see Filing Nos. 156 and 157), defendant raises *Apprendi* and *Booker* issues.

The defendant's current § 2255 motion constitutes a "second or successive motion" within the meaning of 28 U.S.C. § 2255. 28 U.S.C. § 2255; see *United States v. Nicholson*, 231 F.3d 445, 454 (8th Cir. 2000); see also *United States v. Allen*, 157 F.3d 661, 664 (8th Cir. 1998); and *Vancleave v. Norris*, 150 F.3d 926, 927-29 (8th Cir. 1998). A petitioner seeking to file a second or successive § 2255 motion challenging their conviction or sentence must first obtain circuit court certification. 28 U.S.C. § 2255 (2001); *Allen*, 157 F.3d at 664; *U.S. v. Arnold*, 2001 WL 435648 at 1 (D.Minn. 2001). Because the defendant has not received approval from the Eighth Circuit to file a second or successive § 2255 motion, the Court lacks jurisdiction over his claims. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Allen*, at 664; *United States v. Alvarez-Ramirez*, 128 F.Supp.2d 1265, 1267 (C.D.Cal. 2001). Lacking jurisdiction, defendant's motion will be denied without prejudice. This renders moot defendant's motion to proceed *in forma pauperis,* and that motion

will be denied without prejudice.  Accordingly, a separate order will be entered in accordance with this memorandum opinion.

DATED this 18th day of January, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
    LYLE E. STROM, Senior Judge
    United States District Court