IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:00CR212 |
| | ) | |
| v. | ) | |
| | ) | |
| PABLO STALLINGS, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

I. INTRODUCTION

This matter is before the Court on motions entitled "defendant's Rule 12(b)(2) jurisdictional defective indictment objection motion, which this Court is duty bound to sua sponte on the merits, claims that indictment fails to charge offense or establish jurisdiction at any time the issue is raised, Fed. R. of Crim. Proc. (2000, ed.)" (Filing No. 207 (the "defective indictment motion")) and "defendant's judicial notice motion pursuant to rule 201(a), (b), (c), (d), and (f), Fed. R. of Crim. P. (2000, ed.), that this Court is duty bound under Rule 12(b)(2) to sua sponte, reach the merits of his jurisdictional defective indictment objection motion at any time -- and Rule 12(b)(2) has not been repealed by the 'Antiterrorism and Effective Death Penalty Act' of 1996" (Filing No. 208 (the "judicial notice motion")). Each of these motions replaces a previously filed and otherwise identical motion which lacked a certificate of service (*See* Filing Nos. 203 and 204). For the reasons set forth herein,

the judicial notice motion will be granted and the defective indictment motion will be denied.

## II. DISCUSSION

As an initial matter, it is noted that neither of these motions were filed pursuant to 28 U.S.C. § 2255, under which they would likely be barred as second or subsequent petitions without certification from the Court of Appeals. Instead, Stallings asserts that federal jurisdiction in this case was improper. Because his objection is to jurisdiction, the Court agrees that it should entertain the merits of the defective indictment motion. Therefore, to the extent Stallings' judicial notice motion (Filing No. 208) seeks reaching the merits of the defective indictment motion as its sole relief, the Court will grant the motion without adopting its reasoning.

Stallings asserts four claims that the federal court lacks jurisdiction in this case. First, Stallings suggests that his sentence is void because 21 U.S.C. § 841(a)(1) contains no penalty provision. Second, he asserts that the judgment is void because the indictment failed to allege that the cocaine base at issue in the case traveled in or affected interstate commerce. Third, Stallings argues that the jury verdict in his case must be vacated as a void judgment because the verdict form used the word "or" inappropriately. Fourth, he claims his conviction rests

upon uncharged conduct, aiding and abetting, and that the jury was improperly instructed thereon.

A. Penalty Provision

Stallings's sentence is not void for lack of a penalty provision in the statute. Stallings cites *Jones v. United States*, 526 U.S. 227 (1999), for the proposition that each subsection of a criminal statute constitutes a separate offense. (Filing No. 207, at 5-6 ("[B]ecause each subsection . . . called for a different range of statutory penalties, each subsection constituted a different offense. Therefore, due process and the Sixth Amendment required that each element be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt.").) This was true in *Jones*, where the carjacking statute, 18 U.S.C. § 2119, provided varying penalties under different subsections for carjacking, carjacking with serious bodily injury, and carjacking resulting in death, respectively. In that case, the indictment made no reference to the statute's subsections and charged neither serious bodily injury or death. *Jones*, 526 U.S. at 230-31. When the district court instructed the jury in *Jones*, it also never mentioned serious bodily injury or death. *Id.* However, when Jones was sentenced, the district court found that one victim was seriously injured, which added ten years to Jones' sentence. *Id.* at 231. The Ninth Circuit affirmed the district court, but the Supreme Court of the United

States reversed, holding that because courts have a responsibility to choose the statutory interpretation that avoids possible constitutional issues, the interpretation which avoided Sixth Amendment questions regarding the jury's responsibility to find facts was the better one.  *Id.* at 251-52.  The Court only reached this question, however, because after a textual analysis, it found that there were two possible reasonable interpretations of the carjacking statute in question:  that each subsection constituted a separate crime, or that they represented sentencing enhancements.  The statute at issue in this case, 21 U.S.C. § 841, is not similarly ambiguous.  Here, in subsection (a) the statute states that "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally -- (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ."  21 U.S.C. § 841(a).  The penalties for violating subsection (a) are then delineated in subsection (b), varying according to the type and amount of controlled substance.  *See generally* § 841(b).  There are no additional elements in § 841(b).  No other interpretation of § 841 is reasonable, and Stallings offers none.  Therefore the Court concludes that § 841 is unambiguous, and this argument should fail.

Stallings also cites *Stirone v. United States*, 361 U.S. 212 (1960), in support of his claim that each subsection in the

criminal code must include a penalty provision. In *Stirone,* the Court reiterates that the Fifth Amendment requires that federal prosecutions begin by indictment and that "[e]ver since . . . 1887, it has been the rule that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Id.* at 215-216. Stallings' argument appears to be that by sentencing him according to the penalty provisions of § 841(b), this Court broadened the charges against him, since he was indicted under subsection (a). However, since the Court has concluded that (b) represents only sentencing factors and not additional elements of his crime, *Stirone* cannot benefit Stallings here.

B. Interstate Commerce

The sentence is not void because the indictment did not fail to allege a commerce nexus. Stallings does not argue that the drugs in this case did not move in interstate commerce. (*See* Filing No. 207, at 13.) Indeed, he states that "this court must agree . . . that [a]ll cocaine drug trafficking is an economic enterprise that substantially effects interstate and foreign commerce in numerous ways." (*Id.*) Stallings merely argues that the indictment in this case is defective because it does not mention interstate commerce on its face. He then cites *United States v. Lopez*, 2 F.3d 1342, 1368 (5th Cir. 1993) *aff'd* 514 U.S. 549 (1995), for the proposition that "[e]ven if government

-5-

alleged and proved offense had a nexus to commerce, defendant was still entitled to reversal of his conviction, since indictment did not allege any connection to interstate commerce." (Filing No. 207, at 14.) However, the full holding of the Fifth Circuit in *Lopez* also stated that "[a]n indictment that fails to allege a commerce nexus, where such a nexus is a necessary element of the offense, is defective." 2 F.3d at 1368. Stallings' case differs from *Lopez* in three important respects. First, the indictment in this case charged possession with intent to distribute more than 50 grams of cocaine base mixture, which Stallings agrees and encourages the Court to rule is in fact activity in interstate commerce. Logically, this amounts to an allegation of facts sufficient to establish a commerce nexus. Second, in *Lopez*, interstate commerce was a statutory element of the offense,[1] whereas here it is not. Third, the indictment in this case tracks the statute sufficiently to have given Stallings the opportunity to defend against the charges. *See United States v. Paul*, 692 F.Supp. 186 (S.D.N.Y. 1988) (stating that although the indictment before it "does not provide facts by which this Court could determine whether interstate commerce has been or might be

---

[1] The cases cited in *Lopez* similarly featured interstate commerce as an element of the crime charged. *See, e.g., Stirone v. United States*, 361 U.S. 212, 216-18 (1960) (Hobbs Act); *United States v. Hooker*, 841 F.2d 1225, 1227-32 (4th Cir. 1988) (en banc) (RICO); *United States v. Moore*, 185 F.2d 92, 94 (5th Cir. 1950) (FLSA).

affected . . . [it] satisfies the requirement of tracking the statute sufficient to allow the defendant to defend against the charges."). There was no defect in the indictment with respect to interstate commerce and Stallings's claim to the contrary is without merit.

C. Mixture or Substance

There was also no error in the indictment's or the verdict form's use of the word "or." Stallings argues that his sentence must be vacated because the word "or" appeared on the jury's verdict form. This contention lacks even a simulacrum of merit. First, the argument is improperly raised in this motion because it is not jurisdictional. Second, the meaning of "or" in this case is clear on the face of the verdict form. (*See* Filing No. 70.) The form sets forth three possible findings regarding the amount of drugs Stallings was responsible for: 50 grams or more, at least five grams but less than 50, and less than five grams. (*Id.*) The jury placed an "X" next to the finding that said,

> [w]e find beyond a reasonable doubt
> that the defendant is responsible
> for and the conspiracy, as it
> pertained to the defendant,
> involved 50 grams or more of a
> mixture or substance containing a
> detectable amount of cocaine base,
> also known as crack cocaine.

(*Id.*) Stallings argues that the use of the word "or" between "mixture" and "substance" amounts to a choice. By this

-7-

reasoning, the jury could have meant either 50 grams of a mixture, *or* it could have meant merely a substance containing a detectable amount. However, Stallings's theory fails to account for the fact that the jury, had it been inclined to indicate a lesser amount, could have made its mark next to the area indicating less than five grams. It did not. The Court declines to become further involved in a discussion of the meaning of "or." Stallings's interpretation of the verdict form deprives it of meaning and is unreasonable. The argument based on this interpretation must therefore fail.

D. Aiding and Abetting

Stallings was charged with aiding and abetting, and the jury was properly instructed thereon. He argues that the judgment in his case is void because aiding and abetting was not charged in the indictment and that the jury should not have been instructed on aiding and abetting. (*See* Filing No. 207, at 20-27.) However, Stallings is incorrect about the aiding and abetting charge. The indictment states that the crack cocaine conspiracy was in violation of, *inter alia*, 18 U.S.C. § 2. Section 2 states in part that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." By incorporating this language into the indictment, the grand jury effectively charged Stallings with aiding and

abetting.[2]  Stallings also argues that submitting an aiding and abetting instruction to the jury was error "because it was for a non-charged offense in which the jury may have rested their verdict."  (Filing No. 207, at 23.)  However, this cannot be true because, as mentioned above, aiding and abetting was charged.

### III. CONCLUSION

For the foregoing reasons, Stallings' judicial notice motion will be granted and his defective indictment motion denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 17th day of December, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

[2] Moreover, "[a]iding and abetting is not a separate crime and need not be charged in the indictment.  It is sufficient to charge the underlying crime."  *United States v. Alexander*, 447 F.3d 1290, 1297-1299 (10th Cir. 2006).