# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>vs.<br><br>PABLO STALLINGS,<br><br>                      Defendant. | 8:00CR212<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's *pro se* Motion Under Rule 36 to Clarify Prior Convictions, ECF No. 237. In his Motion, the Defendant contends there is a "clerical error" in his Revised Presentence Investigation Report (PSR), ECF No. 97, and that the Court should have prepared a second revised PSR after the issuance of the decision in *United States v. Stallings,* 301 F.3d 919 (8th Cir. 2002), and prior to his resentencing on February 26, 2003.

Specifically, Stallings contends that his 1993 conviction for drug trafficking in California (ECF No. 97, ¶ 46) should have been expunged from the PSR and disregarded by the sentencing judge for purposes of a career-offender sentencing enhancement, *and* for purposes of calculating his criminal history category.

The sentencing judge, Hon. Lyle Strom (retired), followed the directives of the Circuit Court; resentenced Stallings on February 26, 2003; and did not apply any career-offender enhancement. This was consistent with the Circuit Court's finding that Stallings's California conviction resulted in a suspended sentence "and, consequently, reliance on that conviction for purposes of 21 U.S.C. § 841(b)(1)(A)(viii) sentence enhancement was improper." *Stallings*, 301 F.3d at 921. The Circuit Court did not

direct the sentencing judge to disregard the California conviction for all purposes, including calculation of criminal history category.

Moreover, Stallings appealed once again after his resentencing, and the sentence was affirmed on appeal. See *United States v. Stallings*, 80 F. App'x 537 (8th Cir. 2003). Stallings has also filed numerous motions under 28 U.S.C. § 2255, and if his pending Motion were construed as a motion under 28 U.S.C. § 2255, it would be successive as well as untimely.

Finally, the relief Stallings purports to be seeking, *i.e.*, re-sentencing without a career offender enhancement, is moot in light of the fact that he was resentenced in 2003 *with no career offender enhancement*.[1]

IT IS ORDERED:

1. The Defendant's Motion Under Rule 36 to Clarify Prior Convictions, ECF No. 237, is denied, and

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 16th day of May, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[1] The letter Stallings received from the Federal Public Defender dated April 26, 2016, ECF No. 237, Page ID 596, was misleading. The Public Defender advised Stallings that he was ineligible for relief under *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), and its progeny, because Stallings had two prior drug-trafficking convictions, not affected by the residual clause of USSG § 4B1.2(a). Although the Federal Public Defender may have inferred from the PSR that Stallings was serving a career-offender sentence, he is not.