# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    vs.<br><br>PABLO STALLINGS,<br><br>                    Defendant. | 8:00CR212<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion to Reduce Sentence Under Section 404 of the First Step Act, ECF No. 253. The Probation Office submitted a Revised 2019 First Step Act Retroactive Sentencing Worksheet, ECF No. 257, in which that Office concluded that the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), caused the Defendant's mandatory minimum term of imprisonment to be reduced from ten years to five years, but did not alter his range of imprisonment under the U.S. Sentencing Guidelines. That range of imprisonment remains at 292 months to 365 months, and the Defendant's sentence is at the lowest end of that range, *i.e.*, 292 months.

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), effective August 3, 2010, reduced the penalties for certain crack cocaine offenses. The First Step Act, at § 404, permits but does not require sentencing judges to apply the Fair Sentencing Act to sentences imposed prior to August 3, 2010. In *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019), the Court of Appeals noted that a court considering a motion for a reduced sentence under § 404 of the First Step Act first must decide whether the defendant is eligible for relief, and then must decide, in its discretion, whether to grant a reduction.

The Defendant is eligible for a reduced sentence under the First Step Act, because his sentence of 292 months incarceration exceeds the statutory mandatory minimum term for his offense. That said, his sentence also exceeded the prior statutory mandatory minimum term of ten years.

The drug quantity reflected in the Revised Retroactive Sentencing Worksheet—840 grams to 2.8 kilograms of cocaine base—is a quantity to which the parties stipulated. See Stipulation, ECF No. 245. The Court finds no reason to reduce the Defendant's sentence below the applicable guideline range.

As in Chief Judge John Gerrard's well-reasoned decision in *United States v. Moore*, 412 F.Supp.3d 1111 (D. Neb. 2019), this Court concludes that a discretionary reduction in the Defendant's sentence under the First Step Act is not warranted.

IT IS ORDERED:

1. The Defendant's Motion to Reduce Sentence Under section 404 of the First Step Act, ECF No. 253, is denied; and
2. A separate Judgment will be entered.

Dated this 10th day of March 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge